# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

NANCY O. GEEHAN,

   Appellant,

    v.

DEPARTMENT OF AGRICULTURE,

   Agency.

DOCKET NUMBERS
PH-0752-15-0239-C-1
PH-1221-16-0014-C-1

DATE: March 30, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Chungsoo J. Lee</u>, Feasterville, Pennsylvania, for the appellant.

<u>Arlene R. Yang</u>, Esquire, and <u>Suzanne K. Roten</u>, Esquire, San Diego, California, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

### FINAL ORDER

¶1  The appellant has filed a petition for review of the compliance initial decision in these joined appeals, which dismissed her petition for enforcement for

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in these appeals, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the compliance initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 In these joined appeals, the parties reached a settlement agreement pursuant to which the appellant agreed, among other things, to dismissal of both appeals with prejudice. *Geehan v. Department of Agriculture*, MSPB Docket No. PH-1221-16-0014-W-1, Initial Appeal File (0014 IAF), Tab 24 at 7. The parties did not request that the Board enter the agreement into the record for enforcement. 0014 IAF, Tab 24 at 9. They instead provided that, "Compliance issues shall be governed by the applicable [Equal Employment Opportunity Commission (EEOC)] regulations," citing 29 C.F.R. § 1614.504. *Id.*

¶3 The administrative judge issued an initial decision, dismissing the appeals as withdrawn. 0014 IAF, Tab 25, Initial Decision (ID). He observed that, consistent with the agreement, any compliance issues would be raised pursuant to the equal employment opportunity (EEO) process. ID at 2 n.*. The administrative judge further stated that because he did not make a finding on

Board jurisdiction, the agreement was not enforceable by the Board. *Id.* This statement was accurate at the time the initial decision was issued. *See Delorme v. Department of Interior*, [124 M.S.P.R. 123](), ¶ 12 (2017) (explaining that the Board previously would not enter a settlement agreement into the record for enforcement purposes unless, as relevant here, the subject matter of the appeal was within the Board's jurisdiction).

¶4     The Board denied the appellant's subsequent petition for review, in which she requested that the Board dismiss the appeal as settled instead of as withdrawn. *Geehan v. Department of Agriculture*, MSPB Docket No. PH-1221-16-0014-W-1, Final Order (Dec. 19, 2016) (Final Order). In light of the parties' decision to invoke EEOC regulations for the enforcement of their settlement agreement, rather than have it entered into the record of the appellant's Board appeal for enforcement purposes, the Board found that the language used by the administrative judge to describe the nature of the dismissal amounted to a distinction without a difference. *Id.*

¶5     Following the Board's Final Order, the Board issued a decision revisiting its prior law regarding its enforcement authority. *Delorme*, [124 M.S.P.R. 123](), ¶¶ 9-21. The Board found its enforcement authority was not dependent on a prior finding of Board jurisdiction over the underlying matter appealed. *Id.*, ¶¶ 13-21.

¶6     The appellant subsequently filed this petition for enforcement in which she argued that the agency had breached the parties' settlement agreement. *Geehan v. Department of Agriculture*, MSPB Docket No. PH-0752-15-0239-C-1, Compliance File (CF), Tab 1. Because the parties had not requested that the Board enter their settlement agreement into the record for the purpose of enforcement, the administrative judge ordered the appellant to show cause why the petition for enforcement should not be dismissed for lack of jurisdiction. CF, Tab 2. In response, the appellant argued that because the agreement was part of the record, language specifying the Board's enforcement authority was unnecessary. CF, Tab 3 at 4-5, 7. She also argued that she reasonably assumed

that the Board would have enforcement authority because the agreement arose out of the Board's Mediation Appeals Program (MAP). *Id.* at 5-6. The agency responded in opposition. CF, Tab 5.

¶7     The administrative judge issued a compliance initial decision, dismissing the appellant's petition for enforcement for lack of jurisdiction. CF, Tab 6, Compliance Initial Decision (CID). He found that the parties had unambiguously agreed to enforcement pursuant to EEO procedures and did not seek to place the agreement into the Board's record for enforcement purposes. CID at 4-5; 5 C.F.R. § 1201.182(a). He further determined that the Board's decision in *Delorme* did not change the outcome because, regardless of the Board's jurisdiction over enforcement matters generally, the parties had not agreed to Board enforcement. CID at 3 n.2.

¶8     In her petition for review of the compliance initial decision, the appellant again reiterates her arguments below. *Geehan v. Department of Agriculture*, MSPB Docket No. PH-0752-15-0239-C-1, Compliance Petition for Review (CPFR) File, Tab 1. The agency has responded to the petition for review, and the appellant has replied. CPFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶9     The Board will incorporate a settlement agreement into the record and enforce its terms if the parties intended that the agreement be enforced by the Board and the agreement is lawful on its face and was freely reached and understood by the parties. *Delorme*, 124 M.S.P.R. 123, ¶¶ 10, 12-13, 21; *Bays v. Department of the Army*, 54 M.S.P.R. 469, 470-71 (1992); 5 C.F.R. § 1201.182(a). As discussed above, at the time the parties entered into their settlement agreement, the Board also required a finding of Board jurisdiction over the subject matter of the appeal. *Delorme*, 124 M.S.P.R. 123, ¶ 12. That requirement was later eliminated in the *Delorme* decision. *Id.*, ¶¶ 13-21.

¶10      The administrative judge found that the parties did not intend that the agreement be enforced by the Board. CID at 5. We agree. The settlement agreement references 29 C.F.R. § 1614.504, which provides that an employee may seek enforcement of a settlement agreement reached during the EEO process by first contacting the agency's EEO director and, if dissatisfied, seeking review by the EEOC. 0014 IAF, Tab 24 at 9. It identifies the individual at the agency the appellant could contact if she "believe[d] that the Agency has not complied" with the agreement. *Id.* As the administrative judge found, this provision unambiguously reflected the intent of the parties to seek enforcement in another forum. *See Smith v. Department of the Interior*, 113 M.S.P.R. 592, ¶ 8 (2010) (observing that the plain and unambiguous terms of a settlement agreement control its interpretation); *Grubb v. Department of the Interior*, 76 M.S.P.R. 639, 642-43 (1997) (finding that an administrative judge erred by entering an agreement into the record for enforcement purposes when the agreement provided for enforcement pursuant to 29 C.F.R. § 1614.504). The appellant suggests that the agreement's enforcement provision is not inconsistent with enforcement before the Board. CPFR File, Tab 1 at 8. We are not persuaded.[3]

¶11      The appellant argues that she and her nonattorney representative reasonably believed that the agreement would be enforceable by the Board because it arose out of the Board's MAP process and the MAP mediator did not alert the appellant to the enforcement issue. CPFR File, Tab 1 at 6; CF, Tab 3 at 5-6. We decline to find that the MAP mediator had an affirmative duty to inform the appellant that the Board would lack enforcement over the agreement. Nonetheless, to the extent

---

[3] The appellant has indicated that she is already pursuing enforcement before the EEOC's Office of Federal Operations (OFO). CPFR File, Tab 1 at 8. She argues that OFO lacks sufficient enforcement authority because it cannot order the Board to enforce the agreement. *Id.*; CF, Tab 3 at 8. We agree with the administrative judge that we cannot interpret the agreement as permitting Board enforcement on this basis. CID at 5; *see Flores v. U.S. Postal Service*, 115 M.S.P.R. 189, ¶ 10 (2010) (explaining that the Board has no authority to unilaterally modify the terms of the parties' settlement agreement).

that the appellant is arguing that she intended for the Board to have enforcement authority, we cannot consider this parol evidence of her intent because the agreement is unambiguous. *Flores v. U.S. Postal Service*, 115 M.S.P.R. 189, ¶ 10 (2010); *see Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981) (explaining that the appellant is responsible for the errors of his chosen representative). In any event, as the appellant acknowledges, in dismissing the underlying appeal, the administrative judge clearly stated in the initial decision that the settlement agreement was not enforceable by the Board. ID at 2 n.*; CPFR File, Tab 1 at 6-7.

¶12 The appellant also asserts that the administrative judge incorrectly stated that the reason the Board could not enforce the agreement was because he had not made a finding of Board jurisdiction. CPFR File, Tab 1 at 6-7; ID at 2 n*. As discussed above, this statement was accurate at the time that it was made. The subsequent elimination of the jurisdictional requirement for Board enforcement is not a basis for setting aside the agreement. *Delorme*, 124 M.S.P.R. 123, ¶¶ 13, 21. That change did not eliminate the requirement that the parties intended that the Board have enforcement authority, something that is lacking here. *Id.*; *Bays*, 54 M.S.P.R. at 470-71; 5 CFR § 1201.182(a).

¶13 Accordingly, we affirm the compliance initial decision that dismissed the appellant's petition for enforcement for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under <u>5 U.S.C. § 2302</u>(b)(8) or other protected activities listed in <u>5 U.S.C. § 2302</u>(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.

review within **60 days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.